# IN THE COURT OF APPEALS OF IOWA

No. 20-0834
Filed October 21, 2020

**IN THE INTEREST OF A.W.,**
**Minor Child,**

**N.W., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Mitchell County, Karen Kaufman Salic, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

William P. Baresel of Prichard Law Office, PC, Charles City, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Patrick J. Rourick, St. Ansgar, attorney and guardian ad litem for minor child.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**MULLINS, Judge.**

The mother and child, born in 2008, came to the attention of the Iowa Department of Human Services (DHS) in March 2019, when the mother was arrested on an outstanding warrant and ultimately extradited to Georgia on charges of assault, battery, and possession of marijuana. The child was placed in foster care. The mother was released from jail in April 2020, after which she continued to reside in Georgia. She has yet to complete nine years of felony probation, during which she is required to live in Georgia and must obtain permission to leave the state. While in jail and thereafter, the mother frequently called and wrote the child. Shortly before the termination hearing in May 2020, the child reported being upset with the mother because she showed signs of being intoxicated and high during video contact after she was released from jail, which was confirmed by the foster mother. The child reported her concern the mother was already returning to her "old ways." The child also reported she lost faith in the mother and did not want to return to her care if she continued down the same path. While we appreciate insight into the child's feelings, they are not determinative. After an objective review of the mother's current skills and life choices, the juvenile court focused on the inability of the mother, at the time of the termination hearing and in the future, to provide a safe and stable home for the child. Ultimately, the juvenile court granted the State's petition for termination of the mother's parental rights. [1]

---

[1] The father's rights were also terminated. He did not participate in the proceedings and does not appeal.

The mother now appeals. She agrees the State proved statutory grounds for termination and termination is in the child's best interests. *See* Iowa Code § 232.116(1), (2) (2020). She asks that the statutory exception contained in Iowa Code section 232.116(3)(c) be applied to preclude termination. Our review is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

Iowa Code section 232.116(3)(c) allows the juvenile court to forego termination when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." We first note the application of the statutory exceptions to termination is "permissive, not mandatory." *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (quoting *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)). The juvenile court concluded:

> Any sadness the child may experience because of termination does not overcome the likely long-term hardship and neglect the child will suffer if in the care of [the mother] . . . . The court simply cannot find that the parent-child relationship is so strong that it outweighs the need for termination. Despite any fondness or love between the [mother] and the child, it is not in the child's best interest to wait any longer for permanency.

While we acknowledge bonds exist between the mother and child, we agree with the juvenile court's assessment, and we affirm the termination of the mother's parental rights.

**AFFIRMED.**